OPINION OF THE COURT
Donald Scott Kurtz, J.
*1036 Defendant moves pursuant to CPLR 3122, 3124 and 3126 to compel production of discovery or preclude plaintiff or strike plaintiff’s complaint for failure to comply with its discovery demand.
Plaintiff claims that he was performing construction work on defendant’s premises on May 18, 2001. The complaint alleges that defendant violated Labor Law §§ 200, 240 (1) and § 241 (6) and that plaintiff sustained personal injury as a result thereof. In the course of discovery, defendant conducted plaintiffs examination before trial on April 22, 2004. However, plaintiff underwent surgery in January of 2005, which prompted the further deposition of plaintiff and defendant’s service of a notice for discovery and inspection. The discovery notice called for plaintiff to produce a number of authorizations and records, including those pertaining to plaintiff’s immigration status, including but not limited to all applications for green card/work permit status and citizenship status; a duly executed authorization addressed to the Immigration and Naturalization Service, permitting the release of all documents pertaining to the plaintiffs immigration status, including but not limited to all applications for green card/work permit status and citizenship status; and a duly executed IRS form authorization with photo identification permitting the release of plaintiffs W-2 tax information from 1999 through 2005. Defendant did not receive all of the authorizations and records demanded and it now moves to compel production of the outstanding items. On the return date of this motion, counsel for plaintiff agreed to provide all of the outstanding discovery except for authorizations and records pertaining to plaintiffs immigration status.
Defendant contends that it is entitled to all discovery pertaining to plaintiffs immigration status because it directly affects plaintiffs claim for future lost earnings. At oral argument, defendant relied upon Oro v 23 E. 79th St. Corp., wherein the Appellate Term for the Second and Eleventh Judicial Districts held that an undocumented immigrant is entitled to recover lost wages and that a plaintiffs immigration status is relevant to a determination of such claims. (See Oro v 23 E. 79th St. Corp., 10 Misc 3d 82 [App Term, 2d & 11th Jud Dists 2005].) Therefore, a jury may consider plaintiffs status, “along with the myriad other factors relevant to a calculation of lost earnings, in determining, as a practical matter, whether the plaintiff would have continued working in the United States throughout the relevant period” (id. at 86-87, quoting Majlinger v Cassino *1037 Contr. Corp., 25 AD3d 14, 30 [2d Dept 2005], affd 6 NY3d 338 [2006]). Defendant maintains that if a jury may consider plaintiffs immigration status, it follows that the requested records and authorizations are discoverable.
Plaintiff cites Majlinger for the proposition that a worker’s undocumented status is not a basis for denying that worker’s past or future lost earnings. (See Majlinger v Cassino Contr. Corp., supra.) Plaintiff maintains that defendant is not entitled to said discovery because plaintiffs immigration status has no relevance to any of the issues in this case. Plaintiff argues that the Oro case cited by defendant is not binding upon this court and that defendant is simply looking to go on a fishing expedition with documents containing plaintiff’s sensitive and personal information which could potentially be prejudicial to plaintiff.
Since the time this discovery motion was argued, the New York Court of Appeals has affirmed Majlinger and addressed this very issue. The issue in Majlinger (6 NY3d at 351) is “whether an undocumented alien injured at a work site as a result of state Labor Law violations is precluded from recovering lost wages due to immigration status.” The Court of Appeals held that an undocumented alien should not be precluded from recovering lost wages, including future lost wages. (See id. at 363; see also Mazur v Rock-McGraw, Inc., 246 AD2d 515 [2d Dept 1998].) However, in considering what amount to award a plaintiff for future lost earnings, a jury may “consider immigration status as one factor in its determination of the damages, if any, warranted under the Labor Law.” (Majlinger, 6 NY3d supra at 362 [citation omitted].) The Court in Majlinger (supra at 362) stated:
“An undocumented alien plaintiff could, for example, introduce proof that he had subsequently received or was in the process of obtaining the authorization documents required by IRCA [Immigration Reform and Control Act] and, consequently, would likely be authorized to obtain future employment in the United States. Conversely, a defendant in a Labor Law action could, for example, allege that a future wage award is not appropriate because work authorization has not been sought or approval was sought but denied. In other words, a jury’s analysis of a future wage claim proffered by an undocumented alien is similar to a claim asserted by any other injured person in that the determination must *1038 be based on all of the relevant facts and circumstances presented in the case.”
Plaintiffs characterization of the immigration related documents as personal information that could be prejudicial is without merit. Plaintiff put his immigration status at issue when he sought damages for future lost earnings. In this case, defendant is clearly entitled to present evidence to a jury concerning the amount of plaintiffs future lost earnings. In calculating the amount of future lost earnings, a jury may consider the likelihood that plaintiff will remain in this country. Therefore, plaintiffs immigration status is a relevant fact for a jury to consider and defendant is entitled to all of the requested authorizations and records pertaining to plaintiffs immigration status.
In view of the foregoing, defendant’s motion is granted in its entirety.